IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **JONATHAN J. MUNAFO,** | : | 18 U.S.C. § 111(a)(1)(A) |
| | : | (Assaulting Officer of U.S. Gov't) |
| **Defendant.** | : | 18 U.S.C. § 1752(a)(1) and (2) |
| | : | (Unlawful Entry) |
| | : | 18 U.S.C. § 1752(a)(4) |
| | : | (Violent Act on Restricted Grounds) |
| | : | 18 U.S.C. § 1752(b)(1)(A) |
| | : | Possession of Dangerous Weapon |
| | : | 40 U.S.C. § 5104(e)(2)(D) and (F) |
| | : | (Violent Entry or Disorderly Conduct) |
| | : | |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until both Arrest Warrants are executed, the following material in this matter: the Affidavit in Support of Criminal Complaint, the Criminal Complaint, the Arrest Warrants, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, related filing documents, and any Order granting this motion. In support thereof, the government states as follows:

1.  The United States is investigating allegations that Jonathan J. MUNAFO and others committed numerous violations of U.S. law including assault on a federal

1

officer, willfully and knowingly entering the United States Capitol on January 6, 2021 without legal authority, and participating in disorderly conduct in violation of 18 U.S.C. §§ 111(a)(1)(A), 1752(a), 1752(b), and 40 U.S.C. § 5104(e)(2).

2. The Affidavit in Support of Criminal Complaint references evidence gathered during the investigation, including the use of digital devices in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendants, which also may lead to the destruction of evidence in other locations including the digital devices. Thus, a sealing order is necessary to avoid hindering the ongoing investigation, and to avoid obstruction of justice in this matter.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling

interest. The government further asks these matters to be automatically unsealed upon the arrest of the defendant.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrants, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

[THIS SPACE INTENTIONALLY BLANK]

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By: _____
Sean P. Murphy
Assistant United States Attorney
D.C. Bar Number 1187821
Detailee, Federal Major Crimes
Torre Chardon, Suite 1201
350 Carlos Chardon Avenua
787-282-1857
sean.murphy@usdoj.gov