UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 1:21-cr-99

v.                                             Hon. Janet T. Neff
                                                    United States District Judge

JONATHAN JOSHUA MUNAFO,

        Defendant.

_____/

**DEFENDANT'S MOTION FOR RELEASE ON BOND**

Jonathan Joshua Munafo, by and through his counsel, James Stevenson Fisher, Assistant Federal Public Defender, respectfully moves this Court to release him on bond pending resolution in this case, pursuant to 18 U.S.C. § 3142. Mr. Munafo respectfully submits the following information in support of his request.

**Background Information**

Mr. Munafo was charged by way of Complaint on January 20, 2021, communicating a threat in interstate commerce. On April 26, 2021, Mr. Munafo made his initial appearance on Rule 5(c)(3) proceedings in the United States District Court for the Middle District of Florida, and at that time he requested court-appointed counsel. The Court remanded Mr. Munafo to the custody of the United States Marshal Service and entered an Order of Commitment to Another District.

On May 18, 2021, an Indictment was filed, charging Mr. Munafo with two counts of interstate threatening communications and one count of interstate harassing telephone

calls.  On June 9, 2021, Mr. Munafo appeared for his initial appearance.  The Magistrate Judge remanded him to the custody of the United States Marshal Service pending a hearing on detention.  On June 15, 2021, Mr. Munafo appeared before the Court and was committed for evaluations regarding competency and sanity and prior to any detention hearing on the matter.  Mr. Munafo was returned to the district and arraigned on November 17, 2021.  At that time, given the pendency of other matters, particularly the matter currently in the D.C. Circuit, Mr. Munafo elected to waive the hearing.

Mr. Munafo now asks to reopen the hearing on good cause shown, specifically that he is set for a bail hearing in the D.C. Circuit matter on May 17, 2022, where the Court appears amenable to release him to a half-way house pending the resolution of both the federal matters.  Additionally, both counsels for Mr. Munafo have reached out to numerous other jurisdictions where Mr. Munafo appears to have minor pending matters, and are of the belief that none of these matters will result in detainers or removal from this jurisdiction.

## Legal Argument

In making a determination whether any conditions of release will reasonably assure the appearance of the person as required, as well as the safety of any other person and the community, the Court must consider all factors under 18 U.S.C. § 3142(g):

(1) Nature of offense, including whether offense is a crime of violence, terrorism, or involves a minor or narcotic drug;
(2) Weight of the evidence;
(3) History and characteristics of defendant, including mental and physical health, financial status, family ties, employment, criminal history, record of appearances;

2

(4)  Nature and seriousness of any danger to the person or the community posed by release.

18 U.S.C. § 3142(g).

Pretrial release should be denied "only in rare circumstances." *United States v. Chen*, 820 F.Supp. 1205, 1208 (N.D. Cal. 2013).  For the Court to deny release, the government must show that a preponderance of the evidence demonstrates a serious risk that the person will flee, *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1987), or that release creates a danger to others, as supported by clear and convincing evidence.  18 U.S.C. § 3142(f); *United States v. Hazime*, 762 F.2d 34, 37-38 (6th Cir. 1985).

> Reconsideration of a defendant's detention order may be granted only on new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *United States v. Shelton*, No. 3:19-cr-14, 2020 WL 1815941, at *2, 2020 U.S. Dist. LEXIS 62655, at *4-5 (W.D. Ky. Apr. 9, 2020) (quoting 18 U.S.C. § 3142(f)); see also *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (citing 18 U.S.C. § 3142(f)(2)(B)). "New and material information for § 3142(f)(2)(B) purposes consists of ... truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3, 2009 U.S. Dist. LEXIS 117919, at *6-8 (N.D. Ohio Dec. 18, 2009) (citation omitted).  *United States v. Ford*, 455 F. Supp. 3d 512, 517 (S.D. Ohio 2020)

Mr. Munafo requests a hearing on the matter of pretrial detention, which the government opposes.  He is currently housed in the Newaygo County Jail.  He is receiving inadequate mental health treatment there, which includes inconsistent drug treatment for his underlying mental health disorders.  Furthermore, in light of his original waiver of his pretrial detention hearing (due to pending out-of-jurisdiction matters), there has been no

3

showing of dangerousness or risk of flight to warrant his ongoing pretrial detention while awaiting an evaluation.

His ongoing lack of meaningful access to mental health services also is likely to exacerbate the underlying mental health conditions that gave rise to the Court's order for a mental health evaluation in the first place. There is a significant risk that his continued detention in the Newaygo County Jail will undermine his mental health status and lead to decompensation, risking a return to the Bureau of Prisons for further intervention.

Regarding his risk of flight, once Mr. Munafo became aware of his outstanding arrest warrant in the D.C. matter, he found a law enforcement officer in Edgewater, Florida, and turned himself in. Once stable and medicated, Mr. Munafo has been agreeable and able to assist counsel in preparing for resolution of his case. Notwithstanding the brief period of time surrounding the instant offense, a period where Mr. Munafo was not medicated, he has led a relatively law abiding, rule-governed life, and demonstrates a high degree of respect for people in positions of authority.

Due process and the statutory requirements of 18 U.S.C. § 3142 weigh in favor of Mr. Munafo's release to K-PEP or another similar facility to allow him to secure stable mental health treatment. No evidence of a serious risk of flight exists by a preponderance of the evidence. *See U.S. v. Portes*, 786 F.2d at 765.

Additionally, there is no real evidence of violence or dangerousness to the community. While there may be concerns regarding Mr. Munafo's ties to the community, if anything the absence of those ties strongly suggests that Mr. Munafo will have to abide by release conditions. He has no where else to go. He has no meaningful access to

4

resources upon which he could rely to flee the jurisdiction. The general concerns over risk of nonappearance simply do not apply in the case of a person with no resources and no meaningful ability to flee the jurisdiction. Even if such concerns exist, location monitoring and/or curfew are sufficient safeguards to ensure his compliance with bond conditions, should the Court grant his request to be released to K-PEP or similar facility.

The main issue before the Court is whether Mr. Munafo will be involuntarily removed from the jurisdiction due to the pending matters in the D.C. Circuit, the only matter of significance where extradition is likely to occur without judicial intervention. Those matters are presently before the Court there, where Mr. Munafo is seeking release to K-PEP or other similar facility as well. The Court there held an omnibus virtual status hearing on May 2, 2022, with the undersigned attorney in attendance. The Court indicated a willingness to allow Mr. Munafo to be released and impose a cash bond so that he could avoid extradition or detainer issues should he gain release in the Michigan case. Mr. Munafo is requesting bond in that case and is set for a hearing on May 17, 2022. Should the Court in D.C. grant bail, any concerns about Mr. Munafo's risk of (involuntary) removal from the jurisdiction and resulting "unavailability" for hearings in this matter would be effectively nullified. Furthermore, release there, even with a triggering condition contingent on release here first, would be a sufficient change in circumstances to warrant a bail hearing in this case.

For the foregoing reasons, Mr. Munafo requests permission to reside in the Western District of Michigan at K-PEP in Kalamazoo, Michigan, or another suitable facility deemed appropriate by this Court, in order to receive the mental health treatment that he needs.

5

WHEREFORE, defendant Jonathan Joshua Munafo respectfully requests that as soon as practicable, this Court allow his release from pretrial detention to K-PEP or other similar facility, while he awaits the disposition in this case. Mr. Munafo also requests that the Court schedule a hearing on this motion as soon as possible.

                                                          Respectfully submitted,

                                                          SHARON A. TUREK
                                                          Federal Public Defender

Dated: May 16, 2022                            /s/ James Stevenson Fisher
                                                          JAMES STEVENSON FISHER
                                                          Assistant Federal Public Defender
                                                          50 Louis NW, Suite 300
                                                          Grand Rapids, Michigan 49503
                                                          (616) 742-7420